467 So.2d 126 (1985)
William TIPTON, Jr., Plaintiff-Appellant,
v.
Wilfred MENARD, et al., Defendants-Appellees.
No. 84-341.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Miller, Miller & Craton, Michael B. Miller, Crowley, for plaintiff-appellant.
Allen, Gooch, Bourgeois, Breaux & Robinson, Sera H. Russell, III, Lafayette, Brame, Bergstedt & Brame, David B. McCain, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, DOUCET and KING, JJ.
DOMENGEAUX, Judge.
Plaintiff appeals this tort case which was decided in favor of the defendants. The plaintiff, William Tipton, Jr., was seriously injured when the motorcycle upon which he was riding was struck by Jeffery Menard who was driving his father's automobile. *127 Jeffery's father, Wilfred Menard, was sued as the proper party defendant for the alleged torts of his minor son. Commercial Union Insurance Company was sued as the liability insurance carrier covering the Menard automobile. The plaintiff's own insurer was joined against a claim of nonpayment under both underinsured motorist and medical payment coverage. This last claim was paid and is not now before us on appeal.
The undisputed facts of the case are that on July 12, 1982, at approximately 8:00 o'clock P.M., Jeffery Menard was travelling south on Louisiana Highway 26 in Jennings, Louisiana. He was accompanied by a friend, David Houssiere. At the same time, the plaintiff was travelling north on this highway on his motorcycle. Both vehicles approached the intersection of Louisiana Highway 26 and U.S. Highway 90, which was controlled by an electric semaphore light.
It is from this point that the facts are less easily defined. Jeffery Menard and his friend testified that they made a left turn protected by a green arrow turn signal onto U.S. Highway 90 East. William Tipton, however, claims he came to a stop behind another vehicle while waiting for his light to turn green. When it did, he proceeded into the intersection and was struck by the left-turning Menard vehicle. The investigating traffic officer testified at trial, and it is undisputed between the parties, that the southbound traffic on Louisiana Highway 26 could not have a green left turn signal at the same time the northbound traffic also had a green signal to proceed. The issue, therefore, is one of determining which vehicle had the right of way when the accident occurred.
The trial judge held for the defendants. In oral reasons for his judgment which were transcribed for the record, he noted that the preponderance of the evidence indicated the Menard vehicle had the green left turn signal and the right of way.
The appellant has assigned two major specifications of error, to-wit:
(1) The trial court erred in finding that Jeffery Menard had the right of way at the intersection of Louisiana Highway 26 and U.S. Highway 90.
(2) The trial court erred in failing to find that Jeffery Menard was guilty of negligence, even assuming that Mr. Menard had the right of way at the intersection.
Should this Court find reversible error as to either of the above specifications, the appellant further appeals to this Court to address the issues of what damages the plaintiff incurred and what insurance is available to redress those injuries. As this Court will affirm the lower court's judgment in favor of the defendants, these ancillary issues are moot.
The applicable standard of appellate review in civil cases is that of "manifest error". Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). "`Manifestly erroneous,' in its simplest terms, means `clearly wrong.'" 365 So.2d 1330. In Canter v. Koehring, 283 So.2d 716 (La.1973), our Supreme Court held that an appellate court should not disturb a trial court's findings of fact, even if based on conflicting testimony, where the evidence before the trier of fact furnishes a reasonably factual basis for the findings.
In this case, there was an abundance of conflicting testimony. As noted above, the parties could not similarly describe the events occurring immediately before the accident. Although the automobile driver's narration was substantially corroborated by his passenger, the testimony of a totally disinterested witness who was travelling behind the stricken motorcycle varied from the account of both parties. As the trial judge had the witnesses before him, we are unable to say that he was clearly wrong in deciding that Jeffery Menard had proceeded to make his left turn in accordance with an illuminated left turn signal.
The appellant further urges the trial court's error in requiring the plaintiff *128 to prove the negligence of the left turning motorist. The appellant correctly notes the burden of proof shifts to the defendant to absolve himself of liability once the plaintiff has established that the defendant was attempting to make a left turn when the accident occurred; this burden remains despite the existence of a left turn signal at the intersection in question. Foreman v. State Farm Mutual Automobile Insurance, 416 So.2d 258 (La.App. 3rd Cir.1982). However, the defendant may discharge his burden by proving that the left turn arrow was illuminated. Foreman v. State Farm Mutual Automobile Insurance, supra. As we have held that the trial judge did not commit manifest error in determining that Jeffery Menard had the right of way pursuant to the left turn signal, we find the defendant has discharged his burden of proof.
The appellant's second assignment of error raises the issue of whether the trial court erred in failing to find that Jeffery Menard was guilty of negligence, even assuming that Mr. Menard had the right of way at the intersection. A left turning motorist "is required to exercise a very high degree of care," even where the motorist executes his turn on the authority of an illuminated left turn signal. Foreman v. State Farm Mutual Automobile Insurance, supra. Based on evidence introduced at trial concerning the existence of other vehicles in the northbound traffic lanes, the trial judge stated in his denial of a motion for new trial that the indications were another car screened Mr. Menard's view of the motorcycle. Once again, we are unable to say that this factual determination was clearly wrong and so affirm the trial court's decision. Arceneaux v. Domingue, supra.
For the above and foregoing reasons the decision of the trial court is affirmed. All costs of this appeal to be assessed against the plaintiff.
AFFIRMED.