SHORTESS, Judge.
Mark L. Miller (plaintiff), after this court affirmed the dismissal of his suit in an unpublished opinion, Miller v. Leonard, No. 89CA1828, consolidated with Leonard v. Miller, No. 89CA1829, (La.App. 1st Cir., December 18, 1990), successfully obtained a writ of certiorari from the Louisiana Supreme Court, 578 So.2d 119 (La.1991).[1] Thereafter, the court reversed[2] and decided the liability issue favorable to plaintiff and remanded the case to us to consider the issue of quantum.
At trial, the parties entered a. stipulation which fixed special damages, excluding chiropractic treatment, as follows:
Medical bills and expenses $ 943.22
Lost wages 970.00
Property damage 2,760.00
The automobile accident in question occurred on January 9, 1986. Plaintiff, 24 years old at the time, was taken by ambulance to Our Lady of the Lake Regional Medical Center. The emergency room physician, Dr. J. Thomas Mieeli, after x-rays and a physical examination, made a diagnosis of “contusions and abrasions.” The x-rays were negative for fracture or dislocation. Plaintiff was not admitted to the hospital and was permitted to go home after completion of the emergency room treatment.
On January 15, 1986, plaintiff was seen by Dr. Herbert K. Plauche, an orthopedic *738 surgeon. His chief complaint was pain in the left shoujder. Plauche’s diagnosis was contusions to the anterolateral aspect of the left shoulder joint over the biceps tendon and deltoid muscle. Plauche treated the injury with anti-inflammatory and pain medicine, ordered light-duty work for one week, and told plaintiff to return in two weeks for a follow-up examination. Plaintiff did not return, so Plauche never saw him again.
Plaintiffs first visit to the Gavin Chiropractic Clinic was April 24, 1986, about three months after the accident. He testified that initially he felt bruised and “banged up,” but after he saw he was not getting better, he went to the Gavin Clinic and saw Thomas B. Finn, a doctor of chiropractic, with complaints of left shoulder, neck, and low back pain. Finn’s diagnosis was “a sprain-strain mechanism” to the cervical and cervical dorsal spine, as well as a moderate sprain-strain to the left shoulder as a result of the January 9 accident. Treatment consisted of cryotherapy, electrical stimulation, and manipulation to the cervical and dorsal spine. Finn saw plaintiff at the Gavin Clinic a total of 18 times, from April 24 to May 29, 1986. Plaintiff said the treatment was effective, but he stopped going because he had moved out of town and did not have the money to travel back and forth.
On October 7, 1986, plaintiff returned to see Finn, who at this time was no longer associated with the Gavin Clinic and had opened his own chiropractic office. Plaintiff complained of extreme pain in his left shoulder. Finn felt plaintiffs muscle strength on the left was impaired because of a nerve-root injury. He treated plaintiff a total of 37 times through February 18, 1987. The treatment included therapy, manipulation, and examinations and continued until Finn released plaintiff in February 1987. Plaintiff testified he has felt fine since that time.
The Gavin bill was $2,115.00. Finn’s bill (after deducting $125.00 for a narrative report) was $3,594.00.
No evidence has been presented that the chiropractic treatment was excessive or unneeded or that there was any bad faith on plaintiff’s part in regard to this treatment. Accordingly, plaintiff is entitled to recover both bills which total $5,709.00. See Labee v. Louisiana Coca Cola Bottling Co., 500 So.2d 850 (La.App. 1st Cir.1986).
Plaintiff is also entitled to general damages to compensate for his physical pain and suffering, mental anguish, inconvenience, etc. We find a general damage award of $5,000.00 will do substantial justice.
For the reasons stated, judgment is rendered in favor of Mark L. Miller and against Annalee L. Leonard and her insurer, State Farm Mutual Automobile Insurance Company, jointly and in solido for $15,382.22, together with legal interest thereon from the date of judicial demand until paid and for all costs of court.
RENDERED.

. The plaintiff in Leonard v. Miller, No. 89cal829, did not apply for a writ of certiorari.

. 588 So.2d 79 (La.1991).