728 So.2d 560 (1999)
Samuel F. DOUGLAS, et al., Plaintiffs-Appellants,
v.
Samuel H. THOMAS, et al., Defendants-Appellees.
No. 31,470-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*561 James L. Brazee, Jr., Lafayette, Counsel for Appellants.
Leroy Smith, Jr., Counsel for Appellees.
Before NORRIS, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Ethel Douglas McCall Thomas (Ethel) died intestate on September 18, 1975. Plaintiffs (also Defendants-in-reconvention), Samuel F. Douglas, James W. Douglas and John Douglas (Ethel's siblings), filed for declaratory relief to determine the legal relationship of Defendants (also Plaintiffs-in-reconvention), Samuel H. Thomas (Samuel) and Martha Ann Thomas (Martha), to Ethel; and further to declare themselves, Ethel's siblings, as the sole heirs of Ethel's separate property.[1] Samuel and Martha reconvened seeking damages for defamatory statements made by Ethel's siblings in both their petition for declaratory relief and in letters which were written to various law enforcement agencies. The original suit for declaratory judgment was dismissed upon joint motion of the parties and the trial court found in favor of Samuel and Martha in their suit-in-reconvention and awarded them damages. Ethel's siblings have appealed. For the reasons stated herein, we reverse the judgment of the trial court.

FACTS
In April 1977, Samuel, Martha and J.A. Thomas, Ethel's husband, opened Ethel's intestate succession and filed an affidavit establishing jurisdiction and relationship to Ethel. The affidavit stated that two children were born to Ethel, namely Samuel and Martha, and that no other children were born to her or adopted by her. In February 1987, Samuel and Martha opened the succession of J.A. Thomas, who also died intestate. The petition stated that Samuel and Martha were born of the marriage of Ethel and J.A. Thomas and that no children were adopted by the decedent. These statements form the *562 crux of Ethel's siblings' suit for declaratory relief.[2]
On July 31, 1996, Ethel's siblings filed a "Petition for Declaratory Relief" to declare them the sole heirs to Ethel's substantial separate property. In the petition it is alleged that Ethel never had any children by birth or adoption and that Samuel's and Martha's certification to the contrary was a fraud upon the court. The petition further alleged that Samuel and Martha are the children of Fannie Rose Douglas McBee, one of the originally named siblings, and that they were never adopted by Ethel and J.A. Thomas.[3]
In addition to filing suit, James W. Douglas wrote several letters to James D. Caldwell, District Attorney of Madison Parish, the Office of the Louisiana Attorney General, the FBI and the Department of Justice, accusing Samuel and Martha of being involved in a criminal conspiracy to defraud him and his siblings of Ethel's property, which James W. Douglas asserted was rightfully theirs. He accused Samuel and Martha of filing knowingly fraudulent documents with the court on two occasions, those being the successions of Ethel and J.A. Thomas. Sam Douglas wrote a similar letter to Judge Alwine Ragland.
Samuel and Martha, however, possessed and produced birth certificates in their answer to the suit and also lodged a reconventional demand for defamation. According to the birth certificate produced by Samuel, he was adopted by Ethel and J.A. Thomas on June 9, 1954, and an amended birth certificate was issued naming them as his birth parents.[4] Martha's birth certificate indicated that she was adopted May 15, 1967, and an amended birth certificate was also issued to reflect Ethel and J.A. Thomas as her birth parents.[5]

DISCUSSION
The five elements necessary to prove an action in defamation are defamatory words; publication; falsity; malice, actual or implied; and resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980). If even one of these elements is lacking, the cause of action fails. Kosmitis v. Bailey, 28,585 (La.App.2d Cir.12/20/96), 685 So.2d 1177; Roberts v. Louisiana Bank & Trust Co., 550 So.2d 809 (La.App. 2d Cir.1989).
Words which are accusatory of criminal conduct are defamatory on their face or defamatory per se. Elmer v. Coplin, 485 So.2d 171 (La.App. 2d Cir.1986); Kosmitis, supra. Once the plaintiff proves publication of words which are defamatory per se, the elements of falsity and malice are presumed, but may be rebutted by the defendant. Id.
The petition filed by all of Ethel's siblings did in fact accuse Samuel and Martha of criminal activity, making it defamatory per se. The same is true of the letters written by James W. Douglas and Samuel F. Douglas. There is also no doubt that the defamatory words were published, since any communication to a third party, absent a privilege, absolute or qualified, is considered a publication.[6] The burden then rests upon *563 the defendants-in-reconvention, Ethel's siblings, to rebut the presumption of falsity and malice. It is at this point that we diverge from the trial court's analysis of the facts. The trial court opined in its reasons for judgment that falsity was established by the production of the certified adoption decrees. We disagree.
A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La. 1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The portion of the petition filed by Ethel's siblings and the letters written by two of Ethel's siblings, namely James W. and Samuel F. Douglas, accusing Samuel and Martha of fraud on the court, refer to the successions of Ethel and J.A. Thomas. Both of those successions contained statements that Samuel and Martha were children born of the marriage between Ethel and J.A. Thomas and that no children had ever been adopted by Ethel and J.A. Thomas. Samuel and Martha, however, produced certified adoption decrees at trial which proved the contrary to be the truth. There is no falsity, therefore, to Ethel's siblings' contentions that Samuel and Martha made false statements in the public record negating their adoption by Ethel and J.A. Thomas. The trial court committed manifest error and was clearly wrong in finding otherwise.
The element of malice must also be rebutted. The trial court found that malice was presumed because of defamation per se, but was also proven by the evidence presented at trial. We disagree with this finding as well.
"Malice," which equates to a lack of reasonable belief in the truth of the statement giving rise to the action in defamation, may sometimes be inferred or implied from circumstances surrounding the communication. Bell v. Rogers, 29,757 (La.App.2d Cir.8/20/97), 698 So.2d 749. We find the element of malice to be absent from the petition which Ethel's siblings filed and from the letters written by James W. Douglas and Samuel F. Douglas.
Ethel's siblings argue in their brief that Samuel and Martha should not be able to recover in defamation when they "planted the seed of this litigation," i.e., the representations made by Samuel and Martha in the successions of Ethel and J.A. Thomas. In addition to those representations, James W. Douglas testified at trial on numerous occasions that he was merely responding to what he found in the public record, that being the statements that Samuel and Martha were the natural children of Ethel and J.A. Thomas and were not adopted by them. James W. Douglas' testimony also revealed that he had been living in the home of Ethel and J.A. Thomas between 1945 and 1947 and could attest to the fact that his sister did not give birth during that time.
John Douglas also testified that he had a conversation with Ethel, when he was visiting for Samuel's first wedding, in which Ethel confided that she had had difficulties with the adoptions and alluded that they may not have been completed. There was apparently some trouble getting Samuel's and/or Martha's fathers' signatures. In one of his three letters to Judge Ragland, Samuel F. Douglas wrote about a similar conversation which he had had with Ethel just before her death in 1975. Ethel was visiting him in California at that time, which was almost 20 years after Samuel's adoption and not quite ten years after Martha's.
Also to be considered is the fact that Ethel's siblings chose to use the least intrusive instrument available to them, that of a petition for declaratory relief, as opposed to a tort or petitory action, to determine their rights. Finally, we note that on the production of the certified decrees of adoption, which had been requested at least 11 months previously, the suit was immediately dismissed by Ethel's siblings.[7]
Based on the foregoing, we find, therefore, that the circumstances fail to show the element of malice and the trial court erred in so *564 finding. Concluding that Samuel and Martha failed to prove two essential elements of defamation, falsity and malice, we need not discuss the final element of injury.

DECREE
For the foregoing reasons, we reverse the judgment of the trial court. All costs are assessed to Plaintiffs-in-reconvention, Samuel and Martha Thomas.
REVERSED.
NOTES
[1] Ethel Mae Douglas married Reuben McCall in 1925. After his death, she then married J.A. Thomas in 1938. She apparently inherited a substantial amount of property from Reuben McCall upon his death. She, therefore, subsequently entered into marriage with J.A. Thomas possessed of a large amount of separate property which became the subject of this suit.
[2] Samuel Thomas, an attorney at law, served as counsel of record in both the successions of Ethel and J A. Thomas.
[3] Fannie McBee was initially named, without her permission, as a plaintiff in Ethel's siblings' original suit. When she complained that she did not wish to be a plaintiff, the petition was amended to make her a defendant instead.
[4] Samuel was born in Chicago, Illinois, on July 18, 1945.
[5] Martha was born in Tallulah, Louisiana, on April 9, 1950.
[6] For the first time on appeal, Ethel's siblings raise the defense that the letters, and possibly the petition, are likely subject to a qualified privilege. We are, however, precluded from considering this issue since a qualified privilege is an affirmative defense. It raises a new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating the plaintiffs' demand on its merits. Webster v. Rushing, 316 So.2d 111 (1975); Cooper v. Borden, Inc., 30,292 (La. App.2d Cir.2/25/98), 709 So.2d 878; Shrader v. Life General Security Insurance Company, 588 So.2d 1309 (La.App. 2d Cir.1991). As such, it must be specially pled. Id.; La. C.C.P. art. 1005. Since the Ethel's siblings failed to do so, we cannot consider it here as a defense.
[7] James W. Douglas testified that although he had been shown the birth certificates and uncertified adoption decrees, he was suspicious of any document not certified.