1, GREMILLION, Judge.
In this case, the defendants, Jeanette C. Angelle and Progressive Security Insurance Company, appeal the decision of the trial court granting a motion for summary judgment in favor of the plaintiffs, Dianne and Sidney Champagne. For the following reasons, we affirm.
*56 DISCUSSION
Dianne and Jeanette were involved in an automobile accident on Hector Conley Road in Lafayette, Louisiana. Jeanette and Dianne were approaching each other from the east and west, respectively, when Jeanette executed a left turn into a private driveway. Dianne was unable to stop and struck the rear of Jeanette’s vehicle. The Champagnes filed the instant law suit and subsequently moved for summary judgment on the issue of liability alone. The motion for summary judgment was granted by the trial court. This appeal followed.
SUMMARY JUDGMENT
12We review summary judgments de novo, under the same criteria which govern the trial court’s consideration of the appropriateness of summary judgment. Tolbert v. Fireman’s Fund Ins. Co., 98-637 (La.App. 3 Cir. 10/7/98); 719 So.2d 738.
Summary judgments are favored and are designed to secure the just, speedy, and inexpensive determination of an action. La.Code Civ.P. art. 966(A)(2). A judgment on a motion for summary judgment shall be rendered by the trial court after considering' the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if there is no genuine issue as to material fact and the mover is entitled to the judgment as a matter of law. La.Code Civ.P. art. 966(B). Although the burden of proof remains with the movant, that burden does not require the movant to negate all essential elements of the adverse party’s claim, action, or defense. La.Code Civ.P. art. 966(C)(2). If the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
A left-turning motorist is “required to exercise a very high degree of care,” even when the turn is executed under the authority of an illuminated left-turn signal. Strickland v. Pitts, 506 So.2d 1360, 1363 (La.App. 2 Cir.1987), quoting Tipton v. Menard, 467 So.2d 126, 128 (La.App. 2 Cir.1985).
The dúal responsibility of a motorist who makes a left turn, particularly at a private driveway or similar place other than an intersection, has been defined in Louisiana Revised Statutes 32:104, subds. A and B, and interpreted in numerous eases. In such a situation the motorist is required to exercise a very high degree of care; he must not only give a proper and timely signal, but also must make reasonably certain, after observing both oncoming and following traffic, that the turn can be made with safety.
Murphy v. Lynch, 313 So.2d 646, 648 (La.App. 2 Cir.1975) (citation omitted). The driver of an on-coming vehicle has a right to assume that the driver of a left-turning | ¡¡vehicle will yield the right-of-way. Severson v. St. Catherine of Sienna Catholic Church, 97-1026 (La.App. 5 Cir. 2/11/98); 707 So.2d 1026, writ denied, 98-0653 (La.4/24/98); 717 So.2d 1178. Once the plaintiff has established that the defendant was attempting to make a left turn when the accident occurred, the burden of proof shifts to the defendant to absolve herself of liability. Miller v. Leonard, 588 So.2d 79 (La.1991), appeal on remand, 607 So.2d 737 (La.App. 1 Cir.1992); Thompson v. Chevron U.S.A., Inc., 94-1107 (La.App. 1 Cir. 4/7/95); 653 So.2d 1351, writ denied, 95-1173 (La.6/23/95); 656 So.2d 1019; Tipton, 461 So.2d 126.
In the case at hand, Jeanette claims there exist two genuine issues of material fact which make summary judgment inappropriate. First, she argues that Dianne was not wearing her glasses or contact lens as required by her driver’s license. Next, Jeanette states that Dianne increased her speed just as she began her left turn. The trial court considered both of these contentions before ruling on the motion for summary judgment. Relying *57 on the depositions in the record, the trial court concluded that Dianne wore glasses for reading to correct a farsighted condition. We agree. Further, there was no allegation that Dianne was speeding, nor was there any attempt to connect her speed with the cause of the accident. While these may be disputed facts, we cannot say that they create a genuine issue of material fact. We, therefore, agree with the trial court’s ruling that Jeanette “cannot meet the burden of absolving herself from liability.” For these reasons, we affirm the trial court’s decision granting the Champagne’s motion for summary judgment.
CONCLUSION
The judgment of the tidal court granting the motion for summary judgment is affirmed. The costs of this appeal are taxed against the defendants-|appellants,4 Jeanette Angelle and Progressive Security Insurance Company.
AFFIRMED.