I,WILLIAMS, J.
In this tort action, the plaintiff, Catfish Cabin of Monroe, Inc. (“Catfish Cabin”), appeals a summary judgment in favor of the defendant, State Farm Fire & Casualty Company (“State Farm”). The claim arises from an e-mail sent by Anthony Sims (“Sims”), an employee of State Farm, with regard to food served at the Catfish Cabin restaurant. Catfish Cabin sought damages for defamation, libel and slander, mental anguish and embarrassment, damage to reputation and loss of revenues arising from the publication of the e-mail. Thereafter, State Farm filed a motion for summary judgment. The trial court granted the motion and dismissed plaintiffs suit. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

On December 13, 1999, several employees of State Farm ate lunch at Catfish Cabin, a seafood restaurant. Upon returning to work, approximately four employees who had eaten at Catfish Cabin became ill. Anthony Sims, an employee of State Farm who did not eat lunch at the restaurant, learned of the employees’ illness during a conversation with another employee on the day of the incident. Later that day, Sims drafted and transmitted an e-mail to several personal friends outside the company to inform them of the incident. The e-mail read:
Hey guys,
Got word today that a particular unit from State Farm went to the “Catfish Cabin” on Louisville for a unit lunch. By the time they got back to work they were all vomiting and one passed out. An ambulance had to come pick up several of them and take them to the ER.
A manager of one of the divisions told us that it takes at the very least two to three hours for the very worst food poisoning to take that kind of effect.
12They think someone intentionally poisoned the food. Just wanted to make you guys aware. If you’ve heard anything else let me know!!
Thanks
Anthony
When State Farm’s management staff learned that Sims had transmitted the email, they suggested that he send another e-mail retracting the original message and that he write an apology letter to Catfish Cabin. Sims complied with the request.
Subsequently, Catfish Cabin and three shareholders, James Hearn, Russell Hearn and H. David Hearn, filed suit against State Farm and Sims. The plaintiffs alleged that Sims’ transmittal of the e-mail message constituted libel, slander and defamation. They argued that State Farm was vicariously liable on the basis of re-spondeat superior. Thereafter, the trial court sustained State Farm’s peremptory exception of no right of action and dismissed all claims asserted by the shareholders against State Farm, with prejudice. This court affirmed that judgment on appeal in Catfish Cabin of Monroe, Inc., v. State Farm Fire & Casualty Co., 35,710 (La.App.2d Cir.2/27/02), 811 So.2d 222. Consequently, the only remaining plaintiff is Catfish Cabin.
State Farm moved for summary judgment against Catfish Cabin on the grounds that there were no genuine issues of material fact, and, as a matter of law, State Farm could not be held vicariously liable because Sims’ actions were personal activities and not within the course and scope of his employment. Shortly before the *1057 scheduled hearing on the motion for summary judgment, Catfish Cabin filed an amended petition adding a claim 13of negligence against State Farm. State Farm submitted a supplemental memorandum that addressed the negligence claim. It argued that State Farm did not owe a legal duty to Catfish Cabin to prevent Sims’ e-mail and plaintiff failed to satisfy the requirements for liability under the duty-risk analysis of LSA-C.C. art. 2315. The trial court granted the motion for summary judgment and dismissed all claims against State Farm. Catfish Cabin now appeals.

DISCUSSION

Catfish Cabin argues that the trial court erred in granting State Farm’s motion for summary judgment because State Farm failed to prove that there were no genuine issues of material fact.
Appellate courts review summary judgments de novo under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. Sidwell v. Horseshoe Entm’t Ltd. P’ship, 35,718 (La.App.2d Cir.2/27/02), 811 So.2d 229. The Code of Civil Procedure prescribes and Louisiana courts have acknowledged that summary judgments are favored and are designed to secure the just, speedy, and inexpensive determination of an action. Champagne v. Angelle, 99-1317 (La.App. 3d Cir.2/2/00), 768 So.2d 55, citing LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered by the trial court after considering the pleading and documents submitted therewith, if there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
|4While the burden of proof on summary judgment initially rests upon the movant, if the movant will not bear the burden of proof at trial, he is not required to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. A movant can ordinarily meet this burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37. Upon making this showing, the burden shifts to the party opposing the motion for summary judgment to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin, supra, citing Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
In the instant case, the plaintiff, Catfish Cabin, has alleged that State Farm is vicariously liable and negligent for Sims’ intentional tort of defamation. Thus, in order to successfully oppose State Farm’s motion for summary judgment, the plaintiff must prove that Sims made a defamatory statement to a third person that harmed the plaintiff, and State Farm is legally responsible for Sims’ act under the theory of vicarious Lability or negligence.
Under Louisiana law, the five essential elements of defamation are: (1) defamatory words; (2) publication to a person other than the one [Bdefamed; (3) falsity; (4) malice; and (5) resulting injury. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988); Bell v. Rogers, 29,757 (La.App.2d Cir.8/20/97), 698 So.2d 749. The cause of action fails if even one of these elements is lacking. Roberts v. Louisiana Bank & Trust Co., 550 So.2d 809 (La.App. 2d Cir.1989); Bell v. Rogers, supra. A defamation plaintiff bears an *1058 extremely heavy burden to withstand a motion for summary judgment. Bell v. Rogers, supra.
In Bell, we further stated, “Whether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener.” Bell v. Rogers, supra at 754, citing Kosmitis v. Bailey, 28,585 (La.App.2d Cir.12/20/96), 685 So.2d 1177.
In the instant case, we find that the statement e-mailed by Sims is not defamatory under our law. Sims expressed his opinion that the illness reported was not from food poisoning, but that “some” person intentionally poisoned the food of the ill employees. He neither stated, nor can it be inferred, that that “someone” was connected with Catfish Cabin. In fact, the opposite can be inferred and one could assume that Sims believed some third person poisoned the food.
Since we find that the statements in the e-mail transmission were not defamatory, then State Farm is neither vicariously liable nor negligent. Therefore, State Farm was entitled to judgment as a matter of law. The summary judgment in favor of State Farm was properly granted.
^CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Catfish Cabin of Monroe, Inc.
AFFIRMED.