# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-969


**LINDA JEANE GARMAN, ET VIR.**

**VERSUS**

**JOYCE JEANE SERHAN, ET VIR.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 78,940, DIV. B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and John D. Saunders and Jimmie C. Peters, Judges.


**REVERSED AND REMANDED.**

**Daniel G. Brenner**
**Bolen, Parker, Brenner, Lee & Englesman Ltd.**
**P. O. Box  11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Joyce Jeane Serhan**
    **Joe Serhan**

**Mitchel M. Evans, II**
**416 North Pine Street**
**DeRidder, LA 70634**
**(337) 462-5225**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Linda Jeane Garman**
    **Allen "Ike" Garmen**

**Van C. Seneca**
**P. O. Box 3747**
**Lake Charles, LA 70602-3747**
**(337) 439-1233**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Joyce Jeane Serhan**
    **Joe Serhan**

**PETERS, J.**

The plaintiffs in this defamation action, Lynda Jeane Garman and Allen "Ike" Garman, appeal the trial court's grant of a motion for partial summary judgment dismissing their claims against the defendants, Joyce Jeane Serhan and Joe Serhan. For the following reasons, we reverse the trial court judgment and remand the matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

On December 13, 2007, Lynda Jeane Garman and Allen "Ike" Garman (the Garmans), who are husband and wife, filed suit against Joyce Jeane Serhan and Joe Serhan (the Serhans), who are also husband and wife, seeking to recover damages they claim to have sustained as a result of defamatory statements made about them by the Serhans to G. Charest Thibodeaux between October 31, 2006, and March 6, 2007. Lynda Jeane Garman and Joyce Jeane Serhan are sisters. The Garmans asserted in their original petition that the defamatory statements were both oral and written.

The Garmans asserted in their original petition that sometime between October 31, 2006, and March 6, 2007, the Serhans contacted Mr. Thibodeaux[1] and requested that he conduct an appraisal of their immovable property located in Vernon Parish, Louisiana, "to determine the volume of cut timber allegedly removed by Petitioners." The petition further asserts that the Serhans not only alleged to Mr. Thibodeaux "that Petitioners had cut their timber without authorization; but, further alleged that Petitioners had also given permission for a utility company to bury utility lines on her [sic] Defendants' property without their

_____

[1] The Garmans' petition identifies Mr. Thibodeaux as a certified residential real estate appraiser professionally associated with the Century 21 organization.

2

knowledge and/or consent." The Garmans further asserted in their petition that Mr. Thibodeaux performed a timber cruise of the property on April 24 and 26, 2007, in the company of the Serhans' attorney, Clay Williams; and that as a result of his timber cruise and subsequent investigation, Mr. Thibodeaux concluded that "there was no evidence that any timber ever existed whatsoever, as alleged by Defendants." According to the Garmans' petition, Mr. Thibodeaux further concluded "that there was no evidence of any timber removal operations having been conducted upon Defendants' property such as stumps, logging equipment tracks, debris, etcetera." The petition asserts that Mr. Williams reached the same conclusion.[2]

The Garmans further asserted in paragraph XV of their original petition that the Serhans were dissatisfied with Mr. Thibodeaux's findings and took further steps in their assertions against them:

> Defendants were notified by both THIBODEAUX and WILLIAMS of their respective findings that there existed no evidence of illegal timber removal. Not satisfied, Defendants then sent a letter to THIBODEAUX on May 3, 2007, alleging that THIBODEAUX had misled them because "Garman had already confessed to us in October, 2006", and further accused THIBODEAUX of having colluded with the Garmans. Defendants then reported THIBODEAUX to the Office of Louisiana Commissioner for appraisers; the Better Business Bureau; and the Louisiana Real Estate Appraisal Subcomittee; and the Louisiana Office of Forestry, alleging that THIBODEAUX committed fraudulent acts in collusion with Petitioners, all of which necessitated written responses from THIBODEAUX and Petitioners in conjunction with investigations conducted by said agencies.

The Serhans answered the Garmans' petition on February 19, 2008, and from that time through February 11, 2013, a number of pleadings were filed which raise other issues not now before this court. On February 11, 2013, the Serhans

---

[2] Mr. Williams is not the Serhans' counsel of record in the litigation now before us.

filed the motion for partial summary judgment now before us. Without acknowledging that the words attributed to them were ever spoken or reduced to writing, the Serhans asserted that the Garmans could not carry their burden of proving they sustained any damages in their defamation claim.

At the February 26, 2013[3] hearing on the Serhans' motion, neither litigant introduced any evidence. Instead, they simply argued the content of the pleadings and attachments to the pleadings and memoranda filed in the record. Upon completion of the argument phase, the trial court took the motion under advisement. On March 18, 2013, the trial court issued written reasons for judgment wherein it granted the partial summary judgment based on the lack of any medical evidence of physical or emotional injury suffered by the Garmans as a result of the defamatory statements. The trial court signed a judgment to this effect on April 15, 2013, and thereafter the Garmans perfected this appeal.

## OPINION

The Garmans claim damages for defamation, "a tort which involves the invasion of a person's interest in his or her reputation and good name." *Costello v. Hardy*, 03-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139 (citations omitted). "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Id*. (quoting *Trentecosta v. Beck,* 96-2388, p. 10 (La. 10/21/97), 703 So.2d 552, 559). In this matter, the trial court granted the Serhans' motion for partial

---

[3] The hearing related to other issues in the litigation as well. However, those issues are not now before us.

summary judgment based on its conclusion that there was an absence of factual support for the "resulting injury" element of the Gramans' defamation claim.

It is well-settled that "[a]ppellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755 (citations omitted). Prior to August 1, 2012, the evidentiary burden in summary judgment matters was set forth in La.Code Civ.P. art. 966(B)(emphasis added), as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

However, by 2012 La. Acts No. 257, § 1, the Louisiana Legislature significantly changed La.Code Civ.P. art. 966, and one of those changes included amending and restructuring La.Code Civ.P. art. 966(B).[4] The language cited above was moved to a new subparagraph designated as La.Code Civ.P. art. 966(B)(2), but without the words "on file." To emphasize the significance of the deletion of these two words, the legislature added a subparagraph designated as La.Code Civ.P. art. 966(E)(2)(emphasis added), which provided that "[o]nly evidence *admitted* for purposes of the motion for summary judgment *shall* be considered by the court in its ruling on the motion." Still, the 2012 amendment did not change the burden of proof applicable to a motion for summary judgment.

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is

_____

[4] We note that the Louisiana Legislature again substantially amended La.Code Civ.P. art. 966 by 2013 La. Acts No. 391, § 1, and that legislation again affected the burden of proof elements of the Article. However, the 2012 version of La.Code Civ.P. art. 966 was in effect from August 1, 2012 through July 31, 2013, and it governs the February 2013 summary judgment hearing in this case.

before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material of fact.

La.Code Civ.P. art. 966(C)(2).

The Serhans, as movants, had the burden of proof on their motion, because they did not bear the burden of proof at trial, they needed only to "point out to the court that there is an absence of factual support for one or more elements essential to" the Garmans' claims. *Id.* The Serhans failed in their burden of proof. They offered no evidence in support of their motion, and the trial court was left with no properly admitted evidence for it to consider. La.Code Civ.P. art. 966(E)(2).[5] "Evidence not properly and officially offered and introduced shall not be considered, even if it is physically placed in the record." *Adams v. Allstate Ins. Co.*, 01-1244, p. 6 (La.App. 5 Cir. 2/26/02), 809 So.2d 1169, 1173 (citations omitted).

We find that the trial court erred in granting the motion for partial summary judgment.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's judgment granting the motion for partial summary judgment dismissing the defamation claims of Lynda Jeane Garman and Allen "Ike" Garman against Joyce Jeane Serhan and Joe Serhan and remand the matter to the trial court for further proceedings. We assess all costs of this appeal to Joyce Jeane Serhan and Joe Serhan.

**REVERSED AND REMANDED.**

---

[5] As that Article read between August 1, 2012, and July 31, 2013.