## NOT FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**16-111**
**consolidated with 16-110**


**LYNDA J. GARMAN, ET VIR**

**VERSUS**

**JOYCE J. SERHAN, ET VIR**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 78,940-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders and Marc T. Amy, Judges.

**AFFIRMED.**

**Mitchelle M. Evans, II**
**416 North Pine Street**
**DeRidder, LA 70634**
**Telephone: (337) 462-5225**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lynda J. Garman and Allen Garman**

**Daniel G. Brenner**
**Christina S. Slay**
**Bolen, Parker, Brenner, Lee & Engelsman, Ltd.**
**P.O. Box 11590**
**Alexandria, LA 71315-1590**
**Telephone: (318) 445-8236**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Joyce Jeane Serhan and Joe Serhan**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

This litigation arises out of a dispute among family members over certain tracts of immovable property that were originally part of the estate of their deceased parents. In 1973, a rectangular tract of land located in Vernon Parish, Louisiana, was divided by a Partition Deed among the children of Harold and Hazel Jeane. These siblings are Lynda Jeane Garman, Joseph Don Jeane, Margie Jeane Bowen, Walter N. Jeane and Joyce Jeane Serhan.

On December 13, 2007, Lynda Jeane Garman and her husband, Allen (hereafter the Garmans), filed suit against Joyce Jeane Serhan and her husband, Joe (hereafter the Serhans) seeking to recover damages they claim to have sustained as a result of defamatory statements made about them by the Serhans.[1] In their petition, it was alleged the defamatory statements were both oral and written.

The Garmans asserted they were wrongly accused by the Serhans of the unauthorized removal of timber from their property. They asserted the Serhans hired an appraiser "to determine the volume of cut timber allegedly removed by [the Garmans]." The Garmans' petition further maintained the Serhans alleged the Garmans "had also given permission for a utility company to bury utility lines on [the Serhans'] property without their knowledge and/or consent." The Garmans' petition also asserted, after conducting his investigation, the appraiser found "no evidence of any timber removal operations having been conducted."

The Garmans' petition further alleged, despite the appraiser's findings, the Serhans took further steps in their assertions against them. According to the

---

[1] This appeal is consolidated with docket number 16:110, which involves the appeal of the trial court's granting of a predial servitude/right of passage in favor of Joyce Serhan, along with damages.

1

Garmans, the Serhans maintained the appraiser had misled them because the Garmans had admitted their actions. The Garmans' petition alleged the Serhans reported the appraiser to "the Louisiana Commissioner for appraisers; the Better Business Bureau; and the Louisiana Real Estate Appraisal Subcommittee; and the Louisiana Office of Forestry," alleging he colluded with the Garmans.

On February 11, 2013, the Serhans filed a motion for partial summary judgment as to the Garmans' defamation claim against them. Without acknowledging the defamatory words attributed to them were ever spoken or put into writing, the Serhans asserted that the Garmans could not carry their burden of proving they sustained any damages resulting from any alleged defamation. Specifically, the Serhans maintained the Garmans had no evidence suggesting they had been injured or suffered any damages as a result of the alleged defamation. Thus, the Serhans asserted they were entitled to judgment as a matter of law.

A hearing on the motion was held, after which the trial court rendered written reasons for judgment granting the Serhans' motion for summary judgment:

> On the motion for summary partial judgment, it appears that the first four elements necessary to prove defamation are valid. The fifth element, which is injury, however, has to be caused by the defamatory statements. Here, these statements appear to be the result of bickering between family members which is not uncommon in circumstances such as this. More troublesome however is the lack of medical evidence to show that these statements caused any physical or emotional injury to plaintiff.
>
> Therefore, the motion for partial summary judgment would be granted.

The Garmans appealed the trial court's ruling. In *Garman v. Serhan*, 13-969 (La.App. 3 Cir. 2/12/14), 153 So.3d 1105, we reversed the trial court's grant of the partial summary judgment. We did not reverse because we found genuine issues of material fact existed, but rather found the Serhans "offered no evidence in

support of their motion [for summary judgment], and the trial court was left with no properly admitted evidence for it to consider." *Id*. at 1107.

Following this court's reversal, the Serhans conducted additional discovery and then reurged the motion for partial summary judgment, attaching additional evidence in support. Rather than file an opposition to the motion, the Garmans filed a peremptory exception of res judicata and rule for contempt, arguing the motion was barred by res judicata.

A hearing on the Serhans' second motion for partial summary judgment and the Garmans' exception of res judicata was held on July 21, 2014. The trial court issued written reasons for judgment denying the exception of res judicata and granting the motion for partial summary judgment. The trial court concluded the Garmans were unable to offer any evidence that they would be able to carry their burden at trial on the issue of damages or injury from the alleged defamation. In its reasons, the trial court found the Garmans "failed to show any evidence which would rise to the level of damages or injuries arising from defendants' [the Serhans'] conduct."

The Garmans lodged an appeal with this court. Their appellate brief fails to assign any errors, list the issues presented for review or request any specific relief in its conclusion. Thus, it does not comport with Louisiana Courts of Appeal, Rule 2-12.4. However, based upon the argument in their brief it is apparent the Garmans intended to appeal the trial court's granting of the Serhans' motion for partial summary judgment. Thus, as the gist of the Garmans's argument is clear we will address the contention that the trial court erred in granting the motion for partial summary judgment.

**ANALYSIS**

The Louisiana Supreme Court in *Costello v. Hardy*, 03-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139, discussed what is necessary to establish a claim for defamation:

> Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Fitzgerald v. Tucker*, 98-2313, p. 10 (La.6/29/99), 737 So.2d 706, 715; *Trentecosta v. Beck*, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559; *Sassone v. Elder*, 626 So.2d 345, 350 (La.1993). "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)). The fault requirement is often set forth in the jurisprudence as malice, actual or implied. See, *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element); 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 17.4 at 312 (2000). Thus, in order to prevail on a defamation claim, a plaintiff must prove "'that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.'" *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (quoting *Sassone*, 626 So.2d at 350). If even one of the required elements of the tort is lacking, the cause of action fails. *Douglas v. Thomas*, 31,470, p. 3 (La.App. 2 Cir. 2/24/99), 728 So.2d 560, 562 *writ denied*, 99-0835 (La.5/14/99), 741 So.2d 661; *Kosmitis v. Bailey*, 28,585, p. 2 (La.App. 2 Cir. 12/20/96), 685 So.2d 1177, 1180.

It is well-settled that "[a]ppellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate." *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180, 1183; *Leger v. Louisiana Med. Mut. Ins. Co.*, 98-1098 (La.App. 3 Cir. 3/31/99), 732 So.2d 654, *writ denied*, 99-1253 (La.6/18/99), 745 So.2d 30. The Code of Civil Procedure prescribes and Louisiana courts have acknowledged that summary judgments are favored and are designed to secure the just, speedy, and inexpensive determination of an action. *Champagne v. Angelle*,

99-1317 (La.App. 3 Cir.2/2/00), 768 So.2d 55, citing La.Code Civ.P. art. 966(A)(2). Summary judgment shall be rendered by the trial court after considering the pleading and documents submitted therewith, if there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

While the burden of proof on summary judgment initially rests upon the movant, if the movant will not bear the burden of proof at trial, he is not required to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. A movant can ordinarily meet this burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La.6/30/00), 764 So.2d 37. Upon making this showing, the burden shifts to the party opposing the motion for summary judgment to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La.Code Civ.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. *Babin*, supra, citing *Hardy v. Bowie*, 98-2821 (La.9/8/99), 744 So.2d 606.

The Serhans had the initial burden of proof as summary judgment movers because of the rebuttable presumption of injury from statements that are defamation *per se*. The Serhans rebutted that presumption with the deposition testimony of Lynda Garman, which we set forth in pertinent part:

Q. And that's what I'm asking you. What are you seeking from this lawsuit?

A. I am seeking damages from this lawsuit.

5

Q. And what do you think your damages are?

A. Well, it will be what the – a judge decides.

Q. Thus far you can't show me any medical bills that you has as a result

A. No, I don't have any medical bills, but it's like I said before –

Q. Hold on a minute. Let me ask the questions. Okay?

A. Okay.

Q. You can't show me any lost wages?

A. No.

Q. You can't show me anybody that holds you in low esteem as a result of this, right?

A. No.

Q. You can't show me anyone that believes you cut timber, correct?

A. I don't know of anybody.

Q. You can't show me anyone that treats you differently?

A. No.

Q. You cannot point to any relationships with any other people that this has changed?

A. No, none but mine and hers [Joyce Serhan].

. . . .

Q. Now, do you and your husband get along?

A. Yes.

Q. Has it damaged your relationship with your husband at all?

A. No, it has not damaged my relationship with my husband. I don't take out my problems on everybody else.

Q. Has it damaged your relationship with anybody?

A. No.

6

Q. And you can't – similar with you husband, you can't show that he has had any damages either, can you?

A. He is upset about it, you know, just like I am.

. . . .

Q. He is angry?

A. He is upset that this happened.

Q. He doesn't like it?

A. He doesn't like it, no.

Q. I can go through the list again. You can't show that he has had any medical bills because of this?

A. Well, his health has gone down really a lot in the last six years.

Q. But you cannot attribute –

A. But I can't attribute it to one thing.

Q. You can't attribute it to this at all, can you?

A. I can't say that it didn't have something to do with it –

Q. You think his –

A. – but medically you would probably not be able to prove it.

Q. Surely you don't think she caused him to have COPD?

A. No. No. That's what I'm saying. His health has gone down.

. . . .

Q. Have you been diagnosed with any mental disability?

A. No.

Q. Have you been diagnosed with any mental condition?

A. No.

Q. How often do you take Ativan?

7

A. When needed.

Q. How often is that ma'am?

A. When I get stressed or upset.

Q. And what causes you to get stressed or upset?

A. Different things.

Q. Like what?

A. Worrying about my husband's health and I worry about my children, grandchildren.

. . . .

Q. How long has [your husband] been taking Ativan?

A. He has been taking Ativan for years.

Q. How many years?

A. Probably 10.

Q. So he took Ativan long before there was a dispute as to whether you cut tress, correct?

A. Yes.

. . . .

Q. Has any physician given you a diagnosis that you are suffering from some condition as a result of Joyce saying you cut trees on her land?

A. No.

As can be seen from above, it was Lynda Garman's testimony that neither she nor her husband had their reputation damaged as a result of the "timber theft" allegations. Likewise, she stated they suffered no medical bills, lost wages, physical injury, diagnosed mental distress or damages to relationships as a result of the Serhans' alleged defamatory statements. With the Serhans having rebutted the presumption of injury, Louisiana Code of Civil Procedure Article 967 required the

Garmans to oppose the motion for partial summary judgment with affidavits or other evidence, and they could not merely rest on the allegations set forth in their pleadings. *See also Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129.

The record establishes the Garmans failed to present any evidence that the alleged defamatory statements caused any physical or emotional injury to them. The law is clear that if even one of the required elements of the tort of defamation is lacking (in this case the element of injury), the cause of action fails. Thus, summary judgment was appropriate in this matter and the judgment below is affirmed. All costs of this appeal are assessed to appellants, Lynda and Allen Garman.

**AFFIRMED.**