999 So.2d 792 (2008)
Charline MIRE, Individually and on Behalf of her Minor Daughter, Kaitlyn Mire
v.
Gary GAMBLE and Murphy, Rogers & Sloss, PLC.
No. 2008-CA-0433.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
*793 Marc L. Frischhertz, Frischhertz and Associates, New Orleans, LA, and Jacques F. Bezou, The Bezou Law Firm, Covington, LA, for plaintiff/appellant, Charlene Mire.
Kevin R. Tully, E. Phelps Gay, Christovich & Kearney, L.L.P. New Orleans, LA, for Defendants/Appellees.
Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD.
EDWIN A. LOMBARD, Judge.
This appeal is from a judgment granting an exception of prescription in a legal malpractice case. After review of the record in light of the applicable law and arguments of the parties, the judgment of the trial court is affirmed.

Relevant Facts and Procedural History
The plaintiff, Charline Mire, entered into a retainer contract with the defendants, Gary Gamble and Murphy, Rogers, & Sloss, PLC, on or about December 23, 2002, for representation in a potential claim arising out of her husband's death. The plaintiffs husband, an employee of the Jefferson Parish Department of Streets, died on May 14, 2002, and defendant Gamble allegedly did not inform her that there were no viable claims arising out of her husband's death and that he would not be filing suit on her behalf until May 14, 2003.
On May 12, 2006, the plaintiff, individually and on behalf of her minor daughter, Kaitlyn Mire, filed this legal malpractice lawsuit alleging that the defendants negligently breached the retainer contract in failing to timely file a lawsuit or inform her of their intent not to pursue her claim, and in failing to advise her of the prescriptive period for the filing of her claim.
On July 5, 2006, the defendants filed an Exception of Prescription, noting that the claim was prescribed on its face because the plaintiff did not file the legal malpractice lawsuit until May 12, 2006, nearly three years from the date she claimed the defendants negligently failed to file a lawsuit on her behalf. In a supplemental and amending petition filed on August 15, 2006, the plaintiff added allegations that defendant Gamble intentionally misrepresented the viability of potential claims and failed to inform her of the applicable prescriptive period or date. The plaintiff further also alleged that due to the statements, representations, and omissions of the defendants, she had "no reason to know of the potential acts of malpractice" prior to March 2006 and that she did not become aware of a potential malpractice claim against the defendants or that any claim arising out of the death of her husband had prescribed until March 2006.
On September 5, 2006, the defendants refiled their Exception of Prescription. After a hearing on October 18, 2007, trial court took the matter under advisement. On February 8, 2008, the trial court issued its Judgment, granting the defendants' Exception of Prescription. The plaintiff appeals this judgment.

Standard of Review
A trial court's finding of fact supporting prescription should not be disturbed unless clearly wrong. Turnbull v. Thensted, 99-0025, p. 5 (La.App. 4 Cir. 3/1/00), 757 So.2d 145, 148. The issue to be decided by the appellate court is not whether the trier of fact was right or wrong but whether the fact-finder's conclusion *794 was a reasonable one. Turnbull, p. 5, 757 So.2d at 148.

Discussion
The plaintiff argues on appeal that "the trial court erred in failing to conclude that the appellee's misrepresentation of the opinion of experts acted to prevent the discovery of their malpractice." In essence, the plaintiff attempts to insert the substantive issue of whether malpractice occurred into the procedural issue of whether the plaintiff's claim prescribed. The argument, while clever, is without merit.
La.Rev.Stat. 9:5605 provides two potential limitation periods pertaining to legal malpractice actions: 1 year from when the alleged negligence is or should have been discovered or 3 years from the date of the alleged negligence, regardless of when it was discovered. La.Rev.Stat. 9:5605(A); see also Turnbull, p. 8, 757 So.2d at 150 (the prescriptive period commences when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice). The reasonable man standard, applicable to legal malpractice actions, is an objective one. Griffin v. Kinberger, 507 So.2d 821 (La.1987).
The alleged act of malpractice took place on May 14, 2003 (when the plaintiff was advised that her claim was not viable and would not be filed) and the plaintiff waited until May 12, 2006, to file this lawsuit. Thus, the issue before the trial court on the Exception of Prescription was whether the plaintiff knew or should have known of the alleged act, omission, or neglect upon which she bases her malpractice action more than a year prior to the filing of the malpractice lawsuit, i.e., on or before May 12, 2005. In turn, the issue before this court is whether the trial court's decision was a reasonable one or one supported by the record.
Based on her own testimony, the trial court found that the plaintiff knew or should have known that she had a limited time to file a claim against her husband's employer. Specifically, the plaintiff testified that in the early months of 2003 she was aware that a decision needed to be made as to whether to pursue a lawsuit against her husband's employer because of time constraints. Thus, the record supports the trial court's rejection of the plaintiff's claim that she was unaware her claim against her husband's employer was subject to prescription and that she did not become aware of the defendants' malpractice (for failing to advise her that the claim had prescribed) until being so advised by an attorney in March 2006.
The trial court also found that the plaintiff's testimony that she had concerns about the defendants' handling of her case, as well as their opinion that a lawsuit was not viable, directly contradicted her claim that she remained unaware of a potential malpractice claim until March 2006. Relying on the dicta in Turnbull, p. 8, 757 So.2d at 150, that awareness of a potential legal malpractice claim necessarily "precedes the formation of an intent to consult an attorney," the trial court concluded that "the fact that Mrs. Mire felt compelled to discuss this matter with her present counsel, even in passing, suggests an awareness that something was amiss" and that "[i]n fact, Mrs. Mire's testimony seems to suggest that those concerns significantly pre-dated the conversation." Accordingly, the trial court held that the plaintiff was "aware or should have been aware of the alleged act, omission, or neglect on the part of the Defendants more than one year from the date of filing."
Upon review of the record in light of the applicable law, we cannot find that the trial *795 judge was clearly wrong in finding that the plaintiff was aware that any potential claim against her husband's employer was subject to a time-limitation and that, accordingly, she was aware or should have been aware of the alleged act, omission, or neglect on the part of the defendants more than a year before she filed this lawsuit. The trial court noted, and we agree, that the defendants' actions (waiting until the very last day for prescription to tell the plaintiff of their opinion that she did not have a claim) are problematic but should not result in an expansion of the legal malpractice prescriptive period.

Conclusion
We affirm the judgment of the trial court granting the defendants' Exception of Prescription.
AFFIRMED.