EDWIN A. LOMBARD, Judge.
|!Plaintiff, George A. Farber, Sr., M.D., appeals to this Court a judgment of the district court sustaining an exception of prescription filed by John Bobear, M.D. and Stacy Gaudin, resulting in the dismissal of plaintiffs’ defamation claim against them. Dr. Farber also appeals, from the same judgment, the granting of summary judgment in favor of Rita Arceneaux, dismissing a separate claim of defamation against her. Finally, plaintiff appeals the awarding of attorney’s fees and costs pursuant to La.Rev.Stat. § 37:1287 from a separate judgment of the trial court. For the reasons provided below, we affirm the judgments of the district court.

Factual and Procedural History

Dr. George A. Farber is a dermatologist in the greater New Orleans area. In the past decade, Dr. Farber has become involved in various complaints and investigations before the Louisiana State Board of Medical Examiners (“LSBME” or “the Board”), the state’s governing entity for qualifications and the quality of practice of medical doctors and other healthcare professionals. Dr. Farber has also filed multiple lawsuits in federal and state courts against the Board and its members. In 2002, an investigation by the Board had “developed information indicating that” Dr. Farber had “provided care to a patient in a substandard matter Rand routinely administered Lincocin contrary to current standards of practice and Board warnings.” [1]
As a result of a patient complaint against Dr. Farber, a Consent Order (hereafter known as the “2002 Consent Order”) was issued by the Board, reprimanding Dr. Farber for “clinical mismanagement” of the complaining patient and for “the inappropriate prescriptions of Lin-cocin.” As part of the 2002 Consent Order, Dr. Farber was prohibited from prescribing or administering Lincocin to any patient for any reason. It was further ordered that Dr. Farber must obtain a second opinion from another dermatologist or oncologist for the malignancy management of all melanoma and similar skin cell diseases, and continue to obtain such second opinions as treatment itself continues. Finally, the 2002 Consent Order, dated March 19, 2002, required that Dr. Farber obtain additional continuing medical education credits in dermatology over the next five years. Dr. Farber signed an “Ac *1065 knowledgment and Consent” by Authentic Act, accepting the findings of the 2002 Consent Order.
On August 9, 2004, plaintiff filed a lawsuit in federal court against the LSBME, Dr. Cecilia Mouton and Dr. John Bobear as members of the Board, and the Louisiana Attorney General, alleging violation of constitutional rights, civil rights, and an un-described claim for defamation. On September 21, 2004, the entirety of plaintiffs first federal suit was dismissed on summary judgment, with the federal district court declining to exercise jurisdiction over Dr. Farber’s state law claim for defamation.
|3On August 15, 2005, the Board issued a second consent order (the “2005 Consent Order”) against Dr. Farber. On the basis of a new administrative complaint, the Board concluded that Dr. Farber violated the 2002 Consent Order by prescribing Lincocin. Dr. Farber again waived all rights to formal adjudication of the matter and again freely acknowledged the 2005 Consent Order via Authentic Act, which placed him on probation for five years.[2]
On July 3, 2006, plaintiff filed a second federal lawsuit, naming as defendants the LSBME, Rita Arceneaux, and the Attorney General of the State of Louisiana. In this second federal suit, plaintiff pled the two claims of defamation that are raised in the lawsuit at hand. First, he alleged that Dr. Bobear defamed him by submitting in a subpoena duces tecum response to an attorney incorrect information regarding professional discipline in Rhode Island. Second, he alleged that Rita Arceneaux committed defamatory actions by providing allegedly false information to various national practitioner databanks regarding his medical license and conduct in Louisiana. The federal court dismissed plaintiffs second federal suit, including the defamation claim concerning Dr. Bobear, and the federal court’s reasons included a discussion of plaintiffs defamation claim against Ms. Arceneaux:
Finally, without any allegation of “malice,” Plaintiffs claim of defamation against Defendant Arceneaux (an employee of the Board) must be dismissed because she has statutory immunity pursuant to LSA-R.S. 37:1287 ...
... To the extent that Plaintiff is seeking (in this instant case) either declaratory and/or injunctive relief against the 2002 Consent Order, or raising constitutional challenges to the 2002 Consent Order, he is barred from doing so by the doctrines of collateral estoppel and res judicata based on this court’s findings |4in Plaintiffs 2004 federal suit and the dismissal of his Petition for Judicial Review filed in Civil District Court (CDC).
The first case in Civil District Court, in which Dr. Farber filed a “Petition for Judicial Review of Administrative Action,” was dismissed by this Court on an exception of no cause of action filed by the Board. Farber v. Louisiana State Bd. of Medical Examiners, 2009-0301 (La.App. 4 Cir 9/9/09), 22 So.3d 962.
Dr. Farber filed the present lawsuit on May 19, 2008 against Dr. John Bobear, for his role as the former Chief of Investigations for the LSBME, and against Stacy Gaudin and Rita Arceneaux, in their role as employees of the Board. In this suit, Dr. Farber raised a claim for defamation against Dr. Bobear and Ms. Gaudin, and raised a separate claim for defamation against Ms. Arceneaux for a different alleged publication. Dr. Bobear and Ms. Gaudin filed an exception of prescription *1066 as to the defamation claim alleged against them, and Ms. Arceneaux filed a motion for summary judgment to dismiss Dr. Far-ber’s defamation claim against her. The district court sustained the exception of prescription and granted summary judgment, respectively. Later, on motion by all defendants, the district court awarded attorney’s fees to the defendants in the amount of $25,223.79, to be paid by Dr. Farber. It is these judgments that Dr. Farber appeals to this Court.

Assignments ofEiror

Plaintiff first argues that the district court erred in granting summary judgment to Ms. Arceneaux and dismissing his claim of defamation against her. Secondly, Dr. Farber argues that the district court erred in sustaining the exception of prescription filed by Dr. Bobear and Ms. Arceneaux, and argues that his defamation claim constitutes a continuing tort which has not prescribed. Alternatively, plaintiff asserts that this defamation claim is not prescribed because |fiof the existence of joint solidarity by all defendants as a result of the alleged defamatory publication by Ms. Arceneaux. Lastly, Dr. Farber argues that the district court erred in awarding attorney’s fees and costs to defendants under La.Rev.Stat. § 37:1287. Defamation
The Louisiana Supreme Court has recently addressed defamation in Costello v. Hardy, 2003-1146, pp. 12-13 (La.1/21/04), 864 So.2d 129, 139-140, wherein it was noted that “defamation is a tort which involves the invasion of a person’s interest in his or her reputation and good name.” By definition, a statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. Id. A successful claimant in a defamation action must establish the following elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Wood v. Del Giorno, 2006-1612, p. 4 (La.App. 4 Cir. 12/19/07)974 So.2d 95, 98; Trentecosta v. Beck, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559. The fault requirement is generally referred to in the jurisprudence as malice, actual or implied. Costello, 2003-1146 at p. 12, 864 So.2d at 139. Thus, in order to prevail on a defamation claim, a plaintiff must prove “that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.” Id.; Trentecosta, 96-2388 at p. 10, 703 So.2d at 559. “If even one of the required elements of the tort is lacking, the cause of action fails.” Wood, 2006-1612 at p. 4, 974 So.2d at 98. Even when a plaintiff makes a prima facie showing of the essential elements of defamation, | ^recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. Id.
In Louisiana, defamatory words have traditionally been divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. Kennedy v. Sheriff of East Baton Rouge, 2005-1418, p. 5 (La.7/10/06), 935 So.2d 669, 674-75. Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one’s personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. Kennedy, 2005-1418 at p. 5, 935 So.2d at 675. When a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice (or fault) are *1067 presumed, but may be rebutted by the defendant. Wood, 2006-1612 at p. 5, 974 So.2d at 99. The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. Wood, 2006-1612 at pp. 5-6, 974 So.2d at 99.

Summary Judgment: Defamation claim against Rita Arceneaux

Appellate courts review motions for summary judgment de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Champagne v. Ward, 2003-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. Summary judgment is appropriate when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather point out to the court that there is an absence of 17factual support for one or more elements essential to the adverse party’s claim, action, or defense. La.Code Civ. Proc. art. 966(C)(2). Summary judgment is favored under our law and shall be construed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. Proc. art. 966(A)(2).
Appellant’s assertion that the determination of malice in a defamation action is rarely appropriate for summary judgment is without merit. On the contrary, this Court has held that “because of the chilling effect on the exercise of free speech, defamation actions have been found particularly susceptible to summary judgment.” Wood, 2006-1612 at p. 3, 974 So.2d at 98. The Louisiana Supreme Court has held that “summary adjudication is a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press.” Kennedy, p. 25, 935 So.2d at 686.
In the matter sub judice, upon de novo review, we find that the granting of summary judgment to Rita Arceneaux was appropriate, and that plaintiff presents no genuine issue of material of fact in his defamation claim against her. Plaintiff alleged in his petition that Rita Arceneaux, as an employee of the LSBME, knowingly provided false or erroneous information an LSBME to the National Practitioner Databank (“NPDB”) and the American Board of Medical Specialties (“ABMS”), and doing so with malicious intent. Plaintiff alleges that Rita Arceneaux published incorrect information concerning his restrictions on practicing medicine and his conduct of practice.
In support of her motion for summary judgment, Rita Arceneaux attached an affidavit stating that Dr. Farber’s allegations against her relate to her position as Direct Assistant to the Executive Director of the LSBME. As part of her work | ¿responsibilities, Ms. Arceneaux stated that following the 2005 Consent Order issued against Dr. Farber, she submitted a report to the data banks from the LSBME. According to Ms. Arceneaux’s motion for summary judgment, the report stated:
“... information indicated that George Allen Farber, M.D. violated the terms of the Consent Order entered into with the Louisiana State Board of Medical Examiners in March 2002 relative to care provided to a patient and administration of Lincocin contrary to current standards of practice and warnings of the LSBME.”
*1068 Dr. Farber, through means unknown, disputed the language of this report, and the LSBME responded, through Ms. Arcen-eaux, with the following statement:
“George Allen Farber, M.D. issued prescriptions for Lincocin in violation of his March 2002 Consent Order with the Louisiana State Board of Medical Examiners.”
Ms. Arceneaux moved for summary judgment on the basis that neither of the above statements that she prepared and issued to the databanks can be considered false. She also argued that plaintiff can present no evidence that these two statements were published with malice. Finally, Ms. Arceneaux argued that, as an employee of the LSBME, she is immune from liability for defamation under La.Rev.Stat. § 37:1287(A). We agree with Ms. Arcen-eaux on all three fronts, and affirm the granting of her motion for summary judgment.
Upon our review of the 2002 and 2005 Consent Orders, we do not find that either of the two statements allegedly written by Ms. Arceneaux, on behalf of the LSBME, can in any way be considered false. First, plaintiff argues that Ms. Arceneaux’s statement “relative to care provided to a patient” is an incorrect, and thus false, interpretation of the 2002 Consent Order. We agree that Dr. Farber’s 2002 Consent Order points out that the procedures performed by him that led to the |3patient’s administrative complaint were “not alleged to be below standards of practice.” However, plaintiff was clearly reprimanded for “clinical mismanagement” and “inappropriate prescriptions of Lincocin.” Then, in the 2005 Consent Order, plaintiff was reprimanded again and fined for prescribing Lincocin in violation of the prior 2002 Consent Order. We do not find the LSBME’s original statement, issued through Ms. Ar-ceneaux, to be false. By prescribing Lin-cocin in violation of his Consent Order after well-documented warnings of its use by the Board, plaintiff clearly violated the 2002 Consent Order “relative to care” of a patient by prescribing Lincocin, and doing so in a manner contrary to standard practices.
Secondly, plaintiff provided no evidence that Ms. Arceneaux acted with malice. The mere act of publishing a second, clarifying statement focusing more narrowly on Dr. Farber’s prescription of Lincocin does not make the initial statement malicious. “Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation.” Costello, 2003-1146 at p. 18, 864 So.2d at 143. The LSBME, through Ms. Arceneaux, believed in the truth of the statements, and the statements to the databanks were in fact true. Most importantly, after Ms. Arceneaux presented her affidavit and the Consent Orders in support of summary judgment, Dr. Farber presented no evidence of any kind that show malice on the part of Ms. Arceneaux or the LSBME.
Furthermore, as for liability from immunity for agents and employees of the LSBME, La.Rev.Stat. § 37:1287(A) provides as follows:
§ 1287 Protected action and communication
[inA. There shall be no liability on the part of and no action for damages against any member of the board, or its agents or employees, or any member of an examining committee of physicians appointed or designated by the board, for any action undertaken or performed by such person within the scope of the duties, powers, and functions of the board or such examining committee as provided for in this Part when such person is acting without malice and in the *1069 reasonable belief that the action taken by him is warranted.
As to civil immunity, plaintiff presented no significant or persuasive opposition to summary judgment on these grounds, and this Court finds it clear that Ms. Arcen-eaux was merely acting within the scope and duties of her employment with the LSBME when the alleged statements were published. The alleged statements cannot be considered defamatory per se, as they merely stated the facts of his punishment by the Board. Any injury done to Dr. Farber’s reputation was the result of his disciplinary actions before the LSBME; and they are actions that plaintiff agreed had occurred as evidenced by his signed acknowledgment of both consent orders. Because plaintiff offered no evidence of the essential element of falsity and malice, and the publication was privileged under La. Rev.Stat. 37:1287(A), we find no error in the granting of Ms. Arceneaux’s motion for summary judgment dismissing Dr. Far-ber’s defamation claim against her.

Exception of Prescription: Defamation claim against Dr. Bobear, Ms. Gaudin

Next, plaintiff argues that the district court erred in sustaining the exception of prescription filed by Dr. Bobear and Ms. Gaudin. Ms. Gaudin was an investigative assistant to Dr. Bobear, the Medical Consultant / Director of Investigations for the LSBME. Plaintiff argues that as employees of the Board, they are jointly or solidarity liable with Ms. Arceneaux. Appellant contends that “the conduct of Bobear, Gaudin and Arceneaux, all occurred under the auspices of the Board, and thus constitutes a continuing tort.”
InAn exception of prescription is a type of peremptory exception. La. Code Civ. Proc. art. 927. The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action. La.Code Civ. Proc. art. 923. Prescription is purely a factual determination. Bell v. Glaser, 2008-0279, p. 4 (La. App. 4 Cir. 7/1/09), 16 So.3d 514, 516. Therefore, in reviewing a peremptory exception of prescription, an appellate court should not disturb the factual findings of the trial court unless it is clearly wrong. Ramelli Group, L.L.C. v. City of New Orleans, 2008-0354, p. 3 (LaApp. 4 Cir. 10/22/08), 997 So.2d 612, 615. In the absence of manifest error, the trial court should not be reversed, since the issue to be decided by the trial court is not whether was right or wrong, but whether the fact finder’s conclusion was reasonable. Turnbull v. Thensted, 99-0025, p. 5 (La. App. 4 Cir. 3/1/00), 757 So.2d 145, 149. “Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it.” Bailey v. Khoury, 2004-0620, 2004-0647, 2004-0684, p. 9 (La.1/20/05), 891 So.2d 1268, 1275. When addressing an exception of prescription, the burden of proof lies with the party asserting prescription. However, in the event the plaintiffs claim is barred on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Eastin v. Entergy Corp., 2003-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.
Defamation sounds in tort and therefore is subject to the one-year prescriptive period for delictual actions set forth in La. Civ.Code art. 3492. Rozas v. Department of Health & Human Resources, State of La., 522 So.2d 1195, 1196 (La.App. 4 Cir.1988); Doughty v. Cummings, 44,812, p. 5 (La.App. 2 Cir. 11⅞12/30/09), 28 So.3d 580, 583. Under La. Civ.Code art. 3492, prescription commences to run from the day injury or damage is sustained.
*1070 Dr. Farber’s defamation claim against Dr. Bobear and Ms. Gaudin stem from an April 2004 response, on behalf of the LSBME, to a subpoena duces tecum issued in an unrelated case, mistakenly declaring that Dr. Farber has received disciplinary action regarding a medical license in the state of Rhode Island. The report allegedly erroneously stated that Dr. Far-ber’s medical license in Rhode Island was suspended for three years for unprofessional conduct. However, Dr. Farber has never had a medical license in Rhode Island. The LSBME soon recognized that the mistake was the result of a computer typographical error in which the wrong information was cut-and-pasted into the subpoena duces tecum response concerning Dr. Farber.
In support of the exception of prescription, Ms. Gaudin submitted an affidavit describing the mistake as follows:
On or before April 20, 2004,1 received from attorney Michael L. Vincenzo an inquiry as to the status of license of George Allan Farber, M.D. I keep such information on a computer disk, and I accessed Dr. Farber’s name on the disk. Immediately adjacent to Dr. Farber’s name was the name of another physician whose disciplinary information included a charge of unprofessional conduct in the state of Rhode Island. By mistake, I cut and pasted this information onto the response to inquiry regarding Dr. Farber and sent the response to Mr. Vincenzo.
I learned of the error on September 9, 2004, upon being presented with a copy of my April 20, 2004 response to Mr. Vincenzo, my learning that Dr. Farber had denied ever receiving or applying for a license to practice medicine in Rhode Island and my again accessing the data on Dr. Farber and the other physician.
Plaintiffs claim against Dr. Bobear and Ms. Gaudin for this April 2004 publication was prescribed on its face when the petition in this matter was filed in 113May 2008, and plaintiff has provided no evidence to show that the action has not prescribed. Plaintiff argued in the trial court that all defendants (Ms. Arceneaux, Dr. Bobear, and Ms. Gaudin) are jointly and solidarily liable. However, his claim for defamation against Ms. Arceneaux, which all parties admit was not prescribed due to the 2006 federal lawsuit by Dr. Farber, is a wholly separate claim for defamation than the April 2004 erroneous publication regarding Rhode Island disciplinary action. Therefore, the three defendants cannot be considered solidary obligors interrupting prescription against all. While plaintiff did file a prior federal action in August 2004, the defamation claim in this first federal suit made no mention of Ms. Gaudin, nor did it describe any allegedly defamatory conduct. This federal action was dismissed in September 2004, with the federal judge allowing the re-filing of the yet-described defamation claim to be re-filed in state court. In fact, the Rhode Island-defamation claim was prescribed on its face before plaintiffs July 2006 federal lawsuit (one year following the April 20, 2004 subpoena duces tecum response). Plaintiff waited nearly four years, until May 19, 2008, to re-file his claim against Dr. Bobear and Ms. Gaudin.
Finally, we decline to consider plaintiffs argument that Di*. Bobear’s and Ms. Gau-din’s actions constitute a continuing tort. It is well established that as a general matter, appellate courts will not consider issues raised for the first time, which were not pleaded in the trial court and which the trial court has not addressed. Billieson v. City of New Orleans, 2009-0410, p. 8 (La.App. 4 Cm. 11/12/09), 26 So.3d 796, 801-802. For these reasons, we find no error in the trial court’s sustaining of the *1071 exception of prescription filed by Dr. Bo-bear and Ms. Gaudin regarding Dr. Far-ber’s defamation claim against them.
| ¡¡Awarding of Attorney’s Fees
Following the trial court’s judgment granting summary judgment to Ms. Arcen-eaux and sustaining Dr. Bobear and Ms. Gaudin’s exception of prescription, all three defendants filed a Motion for Award of Costs and Attorneys’ Fees. Defendants argued that both of Dr. Farber’s separate defamation claims against them were “frivolous, unreasonable, without foundation, and/or brought in bad faith,” and requested that the court grant attorney’s fees and costs under La.Rev.Stat. § 37:1287(0, which provides as follows:
C. In any suit brought against the board, its employees or agents, any member of an examining committee appointed by the board or any person, firm, or other entity providing information to the board, when any such defendant substantially prevails in such suit, the court shall, at the conclusion of the action, award to any such substantially prevailing party defendant against any such claimant the cost of the suit attributable to such claim, including a reasonable attorney’s fee, if the claim was frivolous, unreasonable, without foundation, or in bad faith. For the purposes of this Section, a defendant shall not be considered to have substantially prevailed when the plaintiff obtains an award for damages or permanent injunctive or declaratory relief.
(Emphasis added). Louisiana courts have long held that attorney’s fees may not be awarded except where authorized by statute or contract. Audubon Orthopedic and Sports Medicine, APMC v. Lafayette Ins. Co., 2009-0007, p. 21 (La.App. 4 Cir. 4/21/10), 38 So.3d 963, 978, writ denied, 2010-1153, 2010-1155 (La.10/8/10), 46 So.3d 1266. The trial court is afforded with great discretion in arriving at an award for attorney’s fees. ORX Resources, Inc. v. MBW Exploration, L.L.C., 2009-0662, p. 12 (La.App. 4 Cir. 2/10/10), 32 So.3d 931, 938, writ denied, 2010-0530 (La.5/7/10), 34 So.3d 862.
In the same spirit in which La.Rev.Stat. § 37:1287 protects employees of the LSBME from liability for publication of disciplinary conduct, the Louisiana | ^Legislature has set forth a penalty of attorney’s fees and costs for such suits that are done with frivolity or in bad faith. In this matter, and in the numerous state and federal actions preceding this one, plaintiff has made meritless claims in defamation against the three defendants, in which he has been unable to provide any evidence of fault or malice that would give rise to a legitimate or actionable claim. It is clear from the record that Ms. Arcen-eaux was merely acting in her duties as an employee of the LSBME in publishing and communicating factual information concerning the disciplinary actions taken against Dr. Farber. It is also clear that even if plaintiffs claim against Dr. Bobear and Ms. Gaudin was not clearly prescribed, a singular subpoena response to a private attorney mistakenly including information from disciplinary action against another doctor cannot be considered to be defamatory in nature. This Court finds no abuse of discretion in the trial court’s awarding of $25,223.79 for attorney’s fees and costs under La.Rev.Stat. § 37:1287(C).
The public interest requires that government officials such as employees of the LSBME be able to freely publish correct, factual information concerning the conduct and discipline of medical doctors who avail themselves to the public for the offering of vital medical services. It would be self-defeating for society to impose civil liability on such persons who have “no intent to mislead.” Kennedy v. Sheriff of East Ba *1072 ton Rouge, 2005-1418, p. 19 (La.7/10/06), 935 So.2d 669, 683.

Conclusion

For the reasons stated above, this Court affirms the judgment of the district court in granting the motion for summary judgment filed by Ms. Arceneaux and sustaining the exception of prescription filed by Dr. Bobear and Ms. Gaudin. Because we find no abuse of discretion in the trial court’s awarding of attorney’s |1tifees, the district court judgment awarding attorney’s fees under La.Rev.Stat. § 37:1287(0 is affirmed.
AFFIRMED.
MURRAY, J., concurring with reasons.

. In the 2002 Consent Order, the Board stated that Dr. Farber routinely used Lincocin, an antibiotic medication, "in spite of the Board's publication of FDA-mandated warnings that Lincocin was associated with fatal colitis and should not be administered routinely but ‘reserved for serious infections where less toxic anti-microbial agents are inappropriate.’ ”

. In a matter unrelated to the case sub judice, a subsequent administrative complaint to the Board in 2007 led to the revoking of Dr. Farber’s medical license in 2009.