EDWIN A. LOMBARD, Judge.
| ,This is an appeal from a judgment granting an exception of prescription. After review of the record in light of the applicable law and arguments of the parties, the judgment of the trial court is affirmed.
Relevant Facts and Procedural History
The plaintiffs, Wendy Laker, Janice Isaac, Andree K. Sullivan, Theresa B. Wilson, Kathleen Falcone, Daryl Duplessie, Joyeelyn Labostrie, Arthur C. Short, and Joe M. Riddle, were employed as court reporters, deputy court reporters, or minute clerks for the Criminal District Court for the Parish of Orleans.[1] The plaintiffs qualify for membership in either the Louisiana State Employees’ Retirement System (“LASERS”) or the Louisiana Clerk of Court Retirement and Relief Fund by virtue of their employment in these positions at the Criminal District Court, but were not enrolled in a retirement system at the time they were hired. Instead, each plaintiff enrolled in a retirement system at various times in the years after they were hired, with the last of the plaintiffs entering a retirement system in 2002.
|2On March 28, 2007, the plaintiffs filed a joint petition in the Civil District Court for the Parish of Orleans praying for a money judgment for the actuarial costs of the employer and employee contributions that should have been made on their behalf, naming as defendants, Honorable Raymond C. Bigelow, in his official capacity as the Chief Judge for the Criminal District Court for the Parish of Orleans and Robert Kazik, in his official capacity as the Judicial Administrator of the Criminal District Court for the Parish of Orleans. The plaintiffs contend that they should have been — but were not — enrolled upon hire in the appropriate retirement system. In their petition, the plaintiffs allege that:
(a) Any minute clerk or court reporter hired by the Criminal District Court for the Parish of Orleans prior to July 1, 1988 is entitled to membership in the Clerks’ of Court Retirement and Relief Fund effective their date of hire; and
(b) Any minute clerk or court reporter hired by the Criminal District Court *1268 for the Parish of Orleans after July 1, 1983 is entitled to membership in LASERS.
In response, the defendants filed their answer and defenses, as well as an exception of prescription. In their exception, the defendants asserted that the plaintiffs’ claims are untimely because the plaintiffs failed to file their lawsuit within the one-year liberative prescription period set forth in the Louisiana Civil Code article 3492. In the alternative, the defendants argue that the plaintiffs’ claims are untimely inasmuch as the plaintiffs did not bring this suit for deferred compensation for services rendered within the three-year liberative prescription period set forth in Louisiana Civil Code article 3494. Thus, the defendants argued that the plaintiffs’ claims are prescribed on their face and must be dismissed.
At the evidentiary hearing on the exception, on December 1, 2010, each of the plaintiffs testified similarly stating that upon being first hired, they received no |ainformation regarding their rights to enroll in a retirement system. The plaintiffs further testified that it was not until March of 2005 when they learned that they should have been enrolled in a retirement system that was effective on the date of their hire. After listening to the plaintiffs’ testimony and reviewing the documentary evidence, the trial court found that the last plaintiff was enrolled in 2002 and the suit was not filed until 2007, beyond the three-year period and accordingly, the case has prescribed. On December 16, 2010, the trial court issued a judgment sustaining the exception and dismissing all claims against the defendants with prejudice. This appeal followed.
Discussion
The plaintiffs assign as error: (1) the trial court’s determination that the appellants knew or should have known that they were entitled to be enrolled in a retirement system contemporaneous with their dates of hire where there was no evidence to support that conclusion; (2) the trial court’s failure to conclude that the plaintiffs have three years from March 23, 2005 in which to file the suit; and (3) the trial court’s granting of the exception of prescription.
“An exception of prescription is a type of peremptory exception.” Farber v. Bobear, 10-0985, p. 10 (La.App. 4 Cir. 1/19/11), 56 So.3d 1061, 1069, See La.Code Civ. Proc. Art. 927. “When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review.” London Townie Condominium Homeowner’s Ass’n v. London Townie Co., 06-401, p. 4 (La.2006 10/17/06), 939 So.2d 1227, 1231 (citations omitted). In the absence of manifest error, the appellate court cannot disturb the factual findings of the district court, since the issue to be decided by the[4appellate court is not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Mire v. Gamble, 08-0433, p. 2-3 (La.App. 4 Cir. 11/19/08), 999 So.2d 792, 793-94 (citations omitted).
In the instant case, the plaintiffs argue that the trial court based its decision on an erroneous application of the law in reasoning that the plaintiffs knew or should have known that they could have been enrolled earlier than they were actually enrolled in a retirement system. The plaintiffs assert that the record does not support such a factual finding of presumed knowledge, as no plaintiff testified that they had actual knowledge before March 2005. In turn, the issue before this court is whether the trial court’s decision was a *1269 reasonable one or one supported by the record.
The trial court acknowledged that the plaintiffs did not have actual knowledge that they should have enrolled in a retirement system as of their date of hire until the LASERS meeting in March 2005. However, the trial court pointed out that each plaintiff “testified or at least not contradicted the fact that their employment did not change” between the times before they were enrolled into a retirement system to their date of enrollment. Thus, the trial court found that, minimally, the trigger for the plaintiffs to know or should of known that they may be have been deprived of some compensation in the prior years was on the date of their enrollment, from the date of their first contribution to the retirement system. Accordingly, the trial court found that since the last plaintiffs date of enrollment occurred in 2002 and this suit was not filed until 2007, beyond the three-year prescriptive period, the claim has prescribed.
This court is cognizant that the plaintiffs have suffered a significant loss, but we are restricted by the law, the facts, and the standard of review. Therefore, after |5a review of the record in light of the applicable law, we do not find that the trial court was clearly wrong in her determination that the plaintiffs knew or should have known by the date of their enrollment in the retirement system and accordingly, the case is prescribed.
Conclusion
For the foregoing reasons, we affirm the judgment of the trial court maintaining the exception of prescription
AFFIRMED
McKAY, J., dissents.

. Three of the original plaintiffs — Janice Isaac, Daryl Duplessie, and Joe M. Riddle— did not join in the instant appeal.