Vita McVILLE, Plaintiff–Appellant

v.

INTER–COMMUNITY HEALTHCARE, INCORPORATED, doing business as Our Lady of Wisdom Healthcare Center, Defendant–Appellee.

No. 11–30304

United States Court of Appeals, Fifth Circuit.

Feb. 9, 2012.

Dale Edward Williams, Law Office of Dale Edward Williams, Covington, LA, for Plaintiff–Appellant.

Janis E. Van Meerveld, Shelly Frances Spansel Howat, Esq., Adams & Reese, L.L.P., New Orleans, LA, for Defendant–Appellee.

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM: *

■ Vita McVille, a Caucasian female, appeals following the district court's order granting summary judgment to her former employer, Inter–Community HealthCare, Inc., in her lawsuit alleging race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and defamation, in violation of state law.[1] We AFFIRM essentially for the reasons given by the district court.

■ 1. Inter–Community terminated McVille for negligence and for falsifying a medical record following three separate incidents in which McVille: (1) gave a patient another patient's Ativan, (2) falsely reported on a medical chart that Sister Martha's doctor ordered that she be sent to the hospital, and (3) caused trauma to a patient during removal of a catheter. The district court held that McVille failed to show a genuine issue of fact as to whether

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Although McVille's notice of appeal designated only the district court's denial of a Rule 59(e) motion as the order appealed, we liberally construe the notice to include an appeal of the underlying summary judgment. *See Trust Co. Bank v. U.S. Gypsum Co.,* 950 F.2d 1144, 1147–48 (5th Cir.1992).

racial discrimination, rather than these legitimate non-discriminatory reasons, explain her termination. We agree. Most of McVille's arguments attempt to justify her conduct or explain why termination was unwarranted since she was following a doctor's instructions, but the relevant issue in a Title VII case is whether an employer discriminated against its employee, not whether it made a correct disciplinary determination. *See, e.g., Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir.1995) ("[T]he employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination."); *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 278 (5th Cir.1999) ("Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [action] was motivated by discrimination.").

2. McVille appears to argue that Inter-Community's reasons for the termination were unworthy of belief because a purportedly material witness, Deirdra Cleggett, committed perjury. The primary alleged inconsistency in Cleggett's deposition testimony concerned whether McVille attempted to call the doctor and Sister Ada before sending Sister Martha to the hospital and whether Sister Martha's chart contained a "do not hospitalize" sticker. Contrary to McVille's assertions, however, McVille's employment was not terminated because she "lied about calling Sister Ada and ... ignored the 'do not hospitalize' order;" rather, her employment was terminated because she falsely recorded in the medical record that Dr. Simonson ordered the hospitalization after being notified. McVille's own statements in her post-termination letters show that Dr. Simonson was not properly notified. There is no genuine issue of fact present here.

■ 3. McVille also argues, pursuant to a "cat's paw" theory, that Patricia Clark, the African–American Director of Nursing, improperly influenced the termination decision because of McVille's race. The record belies her argument. First, the record shows that Joanna Magee, a Caucasian female nurse practitioner, complained to Wendy LoCoco, the facility's Caucasian Administrator, about the misrepresentation in Sister Martha's medical record. LoCoco was upset about the incident and referred the matter to Clark for investigation. Second, LoCoco reviewed the records and testified that she agreed with Clark to terminate McVille based on her personal knowledge of the incident. She testified that the termination was appropriate because of the Sister Martha incident and also because of the previous Ativan incident. There is no showing that LoCoco's decision to support the termination was a mere "rubber stamp," *Rios v. Rossotti*, 252 F.3d 375, 382 (5th Cir.2001), and McVille fails to show any undue influence by Clark. Moreover, contrary to McVille's assertions, there is no showing that Clark was motivated by a racial animus.

■ 4. McVille argues that Clark was racially motivated because (1) Clark disciplined McVille for the Ativan incident even though McVille was following a doctor's orders; (2) according to Cleggett, Clark treated McVille's complaints about Clara McKinnley, another African–American nurse, as a joke; and (3) Dr. Langley, the emergency room doctor who treated the catheter patient, wrote a note stating that there was nothing substandard in the patient's care. We are unpersuaded. First,

it is undisputed that the Ativan incident was a violation of policy and procedure, and McVille admitted as much on the counseling form for the incident. Whether the violation was severe enough to warrant discipline is a judgment call by the employer that we will not second guess absent evidence of discrimination. Second, with respect to McKinnley, the district court noted that prior to her termination McVille wrote a letter to Clark complaining about Clark's failure to respond to McVille's complaints. McVille also stated her belief that if "Arlene" had complained Clark would have acted. But the "Arlene" to whom McVille referred is also a Caucasian; therefore, McVille did not believe that Clark's failure to respond to her was based on race. Furthermore, although McVille challenges her discipline as unwarranted and based solely on her race, the record shows that Clark also initiated disciplinary action against other African–American nurses at the facility. Finally, Dr. Langley's note was hearsay and improper summary judgment evidence. *See Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987). Moreover, a contemporaneous counseling form about the catheter incident noted that the "hospital," not Dr. Langley, had reported the problem. This form is consistent with and supports Clark's affidavit, where she averred that a nurse told her the emergency room had reported the patient's trauma.

■ McVille fails to show that her termination was based on her race, and her claim is supported by only her own subjective belief. *See Lawrence v. Univ. of Tex. Med. Branch at Galveston,* 163 F.3d 309, 313 (5th Cir.1999) (holding that plaintiff's subjective belief that employer's actions were based on race is insufficient to create an inference of discriminatory intent); *Ray v. Tandem Computers, Inc.,* 63 F.3d 429, 434 (5th Cir.1995) (same).

■ 5. Finally, McVille challenges the district court's grant of summary judgment as to her defamation claim. "[I]n order to prevail on a defamation claim, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." *Farber v. Bobear,* 56 So.3d 1061, 1066 (La.Ct.App. 2011) (internal quotation marks and citation omitted). McVille argues that Clark defamed her by reporting to the state Board of Nursing and the state Workforce Commission that she had been negligent in removing a patient's catheter. In the district court, McVille did not specify which statements by Clark were allegedly defamatory. *See generally McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 100 (5th Cir. 1995) (noting that new arguments in opposition to summary judgment are not considered for the first time on appeal unless failure to do so will result in grave injustice). In any event, McVille argues that the same "racial animus and malice which got [her] fired" also support her defamation claim. We conclude that McVille failed to show racial animus, and we therefore agree with the district court that McVille failed to establish the elements of defamation. The district court's judgment is therefore affirmed.

AFFIRMED.